### ANTONIO DIAZ v. THE STATE.

No. 4225.    Decided October 25, 1916.

**Local Option—Plea of Guilty—Evidence.**

Where, upon trial of a violation of the local option law, the defendant pleaded guilty and waived the introduction of evidence, the failure of the State to introduce evidence in regard to the merits of the case, was not reversible error. Davidson, Judge, dissenting.

Appeal from the District Court of Kleberg.    Tried below before the Hon. W. B. Hopkins.

Appeal from a conviction of a violation of the local option law; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Pope & Sutherland,* for appellant.—On question of failure by State to introduce evidence: Jones v. State, 13 Texas Crim. App., 1; Slade v. State, 29 id., 381; Thompson v. State, 30 id., 325.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—This conviction was under a plea of guilty for violating the local option law, the jury awarding the maximum penalty of three years confinement in the penitentiary.

No evidence was introduced during the trial of the case except with reference to the suspended sentence plea. The failure of the State to introduce evidence in regard to the merits of the case is shown by a bill of exceptions. The trial judge signs this bill with the statement that the defendant waived the introduction of testimony. This does not meet the requirements of the statute. This statute is held to be mandatory, and evidence must be introduced unless the penalty is fixed in a definite and in certain amount or number of years. Wherever the punishment is graduated from a minimum to a maximum term evidence must be introduced. This statute was enacted as well for the benefit of the State as for the defendant. This question has been discussed so often we deem it unnecessary to go into it further. The authorities will be found collated in Mr. Branch's Crim. Law, sec. 677; Branch's Ann. Penal Code, p. 325, and Vernon's Ann. Statutes, vol. 2, p. 289. I wrote this opinion but my brethren do not agree, and write their reasons in Flores' case, No. 4226, this day decided. I can not agree with them but do not care to write at length in either case. I dissent in Flores' case and write this on authority of Flores' case.

The judgment is affirmed.

*Affirmed.*